1  VALERIE TOOHEY O'DELL (State Bar No. 101999)
   JAMES R. O'DELL (State Bar No. 181397)
2  O'DELL & O'DELL, LLP
   887 Island Drive, Suite 220-C
3  Alameda, CA 94502
   Telephone: (510) 814-3785
4  Facsimile:  (510) 814-3795

5  Attorneys for Plaintiff
   JANET FITZSIMMONS
6

7                    UNITED STATES DISTRICT COURT

8                              FOR THE

9                   NORTHERN DISTRICT OF CALIFORNIA
                       (San Francisco/Oakland Division)
10
   JANET FITZSIMMONS            )
11                              )
                                )
12         Plaintiff,           )    CASE NO.  C 08-03131   MMC
                                )
13      v.                      )    **NOTICE OF MOTION,**
                                )    **MOTION FOR REMAND**
14                              )    **AND MEMORANDUM**
   COMPASS GROUP USA, INC.,     )    **OF POINTS AND AUTHORITIES**
15 et al.,                      )
           Defendants.          )    September 5, 2008, 9:00 a.m.
16 _____)    Courtroom 7

17 TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

18         PLEASE TAKE NOTICE that on Friday September 5, 2008, at 9:00 a.m., or as soon

19 thereafter as the matter can be heard in Courtroom 7, 19th Floor of the above referenced Court,

20 the Honorable Maxine M. Chesney  presiding, Plaintiff will move, and hereby does move this

21 Court for an Order remanding this case to the Superior Court of the State of California, County

22 of Alameda.

23         This motion is made on the grounds that, following the amendment of Plaintiff's

24 complaint to delete Plaintiff's claim for intentional infliction of emotional distress against

25 Defendant Compass Group USA, Inc., retaining jurisdiction over the case would be inappropriate

26 under the Supreme Court's holding in *Carnegie-Mellon University v. Cohill* (1988) 484 U.S.

27 343.

28

Motion For Remand, Case No. C -08-3131 MMC

1  This motion is based on this Notice and Motion, on all of the pleadings, records, and
2  papers on file in this action, and the attached Memorandum of Points and Authorities.

Respectfully Submitted,

O'DELL & O'DELL, LLP

Dated: July 29, 2008        By:    s/James R. O'Dell

Attorneys for Plaintiff
JANET FITZSIMMONS

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Plaintiff filed her complaint in Alameda County Superior Court against Defendants Compass Group USA, Inc. (Compass Group), Edith Salas, Humberto Salas and Does 1 through 10. Plaintiff's complaint alleged state law claims for: (i) violation of the California Fair Employment and Housing Act or "FEHA" (First through Third Causes of Action); (ii) Assault, Battery and Sexual Battery against the individual defendants Edith and Humberto Salas (Fourth through Sixth Causes of Action); (iii) violation of California Civil Code Section 51.7 (Seventh Cause of Action); and, Intentional Infliction of Emotional Distress (Eighth Cause of Action).

Defendant Compass Group removed the action solely on the basis of its allegation that Plaintiff's claim for Intentional Infliction of Emotional Distress ("IIED") against Compass Group was preempted by federal labor law because it purportedly required interpretation of a collective bargaining agreement. Plaintiff disputes Defendant's assertion that the IIED claim required such an interpretation; however, Plaintiff has now deleted her IIED claim against Defendant Compass Group. Plaintiff and Defendant Compass Group stipulated to the amendment of Plaintiff's complaint so that "the Eighth Cause of Action for Intentional Infliction of Emotional Distress is stated against only Defendants Edith Salas and Humberto Salas and not against Defendant COMPASS GROUP USA, INC." (See Stipulation to Amend Complaint filed July 29, 2008.)

Because Defendant's preemption argument was based solely on the IIED claim which Plaintiff has now deleted from her complaint, and because Plaintiff's remaining claims are clearly all state claims, the court should remand this action to state court based on the Supreme Court's holding in *Carnegie-Mellon University v. Cohill* (1988) 484 U.S. 343.

**II.    LEGAL ANALYSIS**

The only claim which Defendant asserts to confer federal jurisdiction is now gone. Thus, the court should remand the case to state court. This is so whether or not Defendant is correct that the IIED claim did in fact create removal jurisdiction. The case is quite similar to the United States Supreme Court case, *Carnegie-Mellon University v. Cohill* (1988) 484 U.S. 343.

In *Carnegie-Mellon*, the plaintiffs had filed a state court complaint which included, in addition to various state law claims, a claim under the federal Age Discrimination in Employment Act ("ADEA"). The defendants removed the case from state court to the United States District Court on the basis of that one federal-court claim. Six months later, the plaintiffs moved to amend their complaint to delete the ADEA claim and, conditional upon amendment of the complaint, to remand the case. The Supreme Court affirmed the district court's remand of the action to state court, ruling that a district court has discretion to remand a properly removed case where all federal-law claims were later dropped. The Court stated that a district court must "consider throughout the litigation whether to exercise its jurisdiction" over the state-law claims. 484 U.S. at 351.

The *Carnegie-Mellon* decision instructs that "[w]hen the single federal-law claim in the action [is] eliminated at an early stage of the litigation, the District Court [has] a powerful reason to choose not to continue to exercise jurisdiction." 484 U.S. at 351. Indeed, "in the usual case in which all federal-law claims are eliminated *before trial*" a federal district court should decline to exercise jurisdiction over remaining state-law claims. *Id*. at 350 n. 7 (*emphasis added*). See *Wren v. Sletten Construction Co.*, 654 F.2d 529, 536 (9th Cir. 1981) (district court should not retain jurisdiction over state-law claims when state issues predominate and all federal claims are dismissed before trial); *see also Wade v. Regional Credit Association*, 87 F.3d 1098 (9th Cir. 1996); 28 U.S.C. § 1367 (c).

In making the decision whether or not to retain state-law claims, the court must consider the factors of judicial economy, convenience, fairness and comity. *Carnegie-Mellon University v. Cohill*, 484 U.S. at 350, n. 7. None of those factors weighs in favor of the court retaining jurisdiction over Plaintiff's state law claims. To the contrary, consideration of all the factors warrants a decision to remand the case. This is especially true regarding the issues of fairness and comity in having a state court decide the state-law claims. "Needless [federal court] decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United*

1 | *Mine Workers v. Gibbs* (1966) 383 U.S. 715, 726.

2 |  Plaintiff respectfully submits that under the present case should be remanded for all the
3 | reasons set forth in *Carnegie-Mellon*.

                   Respectfully Submitted,

                   O'DELL & O'DELL, LLP

Dated: July 29, 2008    By:  s/James R. O'Dell

                   Attorneys for Plaintiff
                   JANET FITZSIMMONS