ALAN S. LEVINS, Bar No. 57612
APRIL N. LOVE, Bar No. 255527
LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
Telephone:  415.433.1940
Fax No.:    415.399.8490
Email: alevins@littler.com
Email: alove@littler.com

Attorneys for Defendant
COMPASS GROUP USA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JANET FITZSIMMONS,<br><br>Plaintiff,<br><br>v.<br><br>COMPASS GROUP USA, INC. dba COMPASS GROUP FOODSERVICE and as EUREST DINING SERVICES; EDITH SALAS, HUMBERTO SALAS, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. C 08-03131 MMC<br><br>**DEFENDANT COMPASS GROUP USA, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** |

**I.   INTRODUCTION**

Plaintiff Janet Fitzsimmons ("Plaintiff") filed this action in the Superior Court of Alameda County on April 21, 2008. On June 30, 2008, Defendant Compass Group USA, Inc. ("Compass") removed the action to this Court on the basis that Plaintiff's claim for Intentional Infliction of Emotional Distress (IIED) against Defendant Compass Group included an alleged breach of the Collective Bargaining Agreement between the parties and was, therefore, preempted by Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. Plaintiff

1  subsequently dropped the IIED claim against Compass and has now filed a motion to remand.
2  Nonetheless, this Court should retain the case in order to best accommodate the values of economy,
3  convenience, fairness and comity. Plaintiff's motion for remand should be denied.

## II. STATEMENT OF FACTS

Plaintiff's original Complaint included, as the eighth cause of action, a claim for IIED against both Compass and individual defendants, Humberto and Edith Salas. In support of her IIED claim against Compass, Plaintiff alleged that the Company wrongfully cancelled her medical insurance and refused to reinstate it while she was on a leave of absence. At all relevant times, the terms of Plaintiff's employment with Compass were specifically governed by collectively bargained labor-management agreements entered into between Compass and the United Automobile, Aerospace and Agricultural Implement Workers of America International Union, Local No. 76, to which Plaintiff belongs. The 2004 Collective Bargaining Agreement (CBA) regulates the appropriate procedures Compass employees must follow to maintain health care coverage while out on leave. Accordingly, Plaintiff's allegation that Compass wrongfully cancelled her medical benefits necessarily amounts to an allegation that Compass breached the CBA. Thus, Plaintiff's IIED claim against Compass constituted a claim arising under § 301 of the LMRA, 29 U.S.C. § 185. *See Franchise Tax Bd. v. Construction Laborers*, 463 U.S. 1 (1983) (suits for breach of collective bargaining agreements are governed exclusively by federal law).

On June 30, 2008, Compass removed the action to federal court for the reasons set forth above. In an obvious attempt to avoid federal court resolution of this lawsuit, Plaintiff subsequently offered to stipulate that the IIED claim against Compass would be dropped. Compass agreed to such a stipulation without prejudice to its position that the matter had been properly removed and should remain in federal court. On July 29, 2008, the Parties executed and filed a stipulation for Plaintiff to amend her Complaint such that the IIED claim against Compass was dropped. In a tactical move that can accurately be described as forum shopping, Plaintiff filed a motion for remand on the same day. This Court should deny Plaintiff's motion.

///

///

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DFNT'S OPPOSITION TO PLTF'S
MOTION TO REMAND                    2.                    CASE NO. C 08-03131 MMC

## III. ARGUMENT

### A. Plaintiff Cannot Compel Remand By Dropping Federal Law Claims.

Defendant properly removed this action pursuant to the provisions of 29 U.S.C. § 185. Thus, the only question is the effect of Plaintiff's attempt to amend the complaint to delete the federal claim. It is well-settled that a plaintiff may not compel a remand by amending a complaint to eliminate the federal question upon which removal was based. *Sparta Surgical Corp. v. Nat'l Assn. of Securities Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998). If federal claims existed at the time of removal, a later amendment deleting all federal claims does not affect the federal court's subject matter jurisdiction. *Hill v. Rolleri*, 615 F.2d 886, 889 (9th Cir. 1980). Rather, the Court retains the discretion as to whether to continue to exercise its jurisdiction. *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) ("It is well settled that a federal court does have the power to hear claims that would not be independently removable even after the basis for removal is dropped from the proceedings.").

### B. This Court Should Exercise Its Pendent Jurisdiction Over Plaintiff's State Law Claims.

In exercising its discretion, district courts seek to accommodate the values of economy, convenience, fairness and comity. *Id.*, *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357. The balance of those factors does not support a remand order in this case.

First, the principle of fairness supports the retention of jurisdiction. Plaintiff has manipulated the forum here by filing a Complaint in state court that clearly subjected her to <u>this</u> Court's jurisdiction. She then later amended her Complaint solely to avoid resolution by this Court – conduct best described as forum shopping. Such gamesmanship should be neither tolerated nor rewarded. Further, comity principles do not militate in favor of remand, as both federal and state courts commonly adjudicate employment discrimination actions. *See Guz v. Bechtel Corp.*, 24 Cal. 4th 317, 343 (2000) (because of the similarity between federal and state anti-discrimination laws, California courts look to federal law interpreting federal anti-discrimination laws when applying analogous provisions of the state law).

This Court already has proper federal jurisdiction over this pending action. In the interests of judicial economy, Defendant Compass Group USA, Inc. respectfully requests that the

DFNT'S OPPOSITION TO PLTF'S MOTION TO REMAND     3.     CASE NO. C 08-03131 MMC

Court exercise its rightful discretion to retain jurisdiction over this matter and deny Plaintiff's motion.

## IV. CONCLUSION

For all of the foregoing reasons, Defendant Compass Group USA submits that this Court has jurisdiction over this matter and that, accordingly, Plaintiff's motion to remand should be denied.

Dated: August 15, 2008

/s/ April N. Love
April N. Love
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
COMPASS GROUP USA, INC.

Firmwide:86049111.1 024778.1226

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DFNT'S OPPOSITION TO PLTF'S MOTION TO REMAND     4.     CASE NO. C 08-03131 MMC